**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

<u>CIVIL MINUTES -- GENERAL</u>

| | | |
|---|---|---|
| Case No. | **CV 14-8563-JFW (PLAx)** | Date:  February 18, 2015 |
| Title: | Latanya Bautista *-v-* Essentia Insurance Company, et al. | |

**PRESENT:**

    **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| **Courtroom Deputy** | **Court Reporter** |

| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):**   ORDER REMANDING ACTION TO LOS ANGELES SUPERIOR COURT FOR LACK OF SUBJECT MATTER JURISDICTION

    On November 13, 2013, Plaintiff Latanya Bautista ("Plaintiff") filed a Complaint against Defendants Essentia Insurance Company (incorrectly sued as Essential Insurance Company), The Hagerty Insurance Agency, LLC, and Michael O'Neal (collectively, "Defendants") in Los Angeles Superior Court.  On November 4, 2014, Defendants filed a Notice of Removal of Civil Action ("Notice of Removal"), alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986).  "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted).  There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears.  *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990).  As the party invoking federal jurisdiction, Defendants bear the burden of demonstrating that removal is proper.  *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

    Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000.  *See* 28 U.S.C. § 1332(a).  In this case, Defendants allege the citizenship of Plaintiff based upon information and belief.  Notice of Removal, ¶ 5.  However, jurisdictional allegations based on information and belief are insufficient to confer jurisdiction.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("Absent unusual circumstances, a party seeking to invoke diversity

jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."); *America's Best Inns, Inc.*, 980 F.2d at 1074 (holding that allegations based on "to the best of my knowledge and belief" are insufficient); *see, also, Bradford v. Mitchell Bros. Truck Lines*, 217 F.Supp. 525, 527 (N.D. Cal. 1963).  Therefore, Defendants have failed to demonstrate that complete diversity exists.

In addition, although Plaintiff and Defendant Michael O'Neal ("O'Neal") are both citizens of California, Defendants contend that O'Neal was fraudulently joined, and, thus, that his presence in the lawsuit should be ignored.

"Although an action may removed to federal court only where there is complete diversity of citizenship, . . . one exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (quotations and citations omitted).  If the plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the *settled* rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (emphasis added).  If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity.  *See, e.g., Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion."  *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001).  A claim of fraudulent joinder should be denied if there is *any possibility* that the plaintiffs may prevail on the cause of action against the in-state defendant.  *See id.* at 1008, 1012.  "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a *possibility* that they may do so." *Lieberman v. Meshkin, Mazandarani*, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996) (emphasis added).  "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" *Plute*, 141 F. Supp. 2d at 1008 (quoting *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42-43 (5th Cir. 1992)).  Moreover, any doubts concerning the sufficiency of a cause of action due to inartful, ambiguous, or technically defective pleading must be resolved in favor of remand.  *See id.*

The Court finds that Defendants have not carried their burden in demonstrating that O'Neal has been fraudulently joined.  In her Complaint, Plaintiff asserts several claims against O'Neal, including a claim for intentional infliction of emotional distress.  Although Defendants claim that Plaintiff cannot possibly prevail on her claims against O'Neal, the Court cannot conclude that Plaintiff has no possibility of stating her claim for intentional infliction of emotional distress, and Defendants' argument is better raised in a demurrer or motion to dismiss rather than a notice of removal.[1]  *See, e.g., Bock v. Hansen*, 225 Cal. App. 4th 215, 232-33 (2014) (holding that a viable

---

[1] Because the Court cannot conclude that Plaintiff has no possibility of stating a claim for intentional infliction of emotional distress against O'Neal, it need not address whether Plaintiff has any possibility of stating the other claims alleged against O'Neal.

claim for intentional infliction of emotional distress can be stated against an insurance adjuster). Therefore, Defendants have failed to meet their burden of demonstrating that O'Neal has been fraudulently joined.

For all the foregoing reasons, this action is **REMANDED** to Los Angeles Superior Court for lack of subject matter jurisdiction.  See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.